UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SCOTT STRENGER**,

    Plaintiff,

v.                                                                                          2:23-cv-1226-SPC-NPM

**RMC CONSULTING, INC.**, et al.,

    Defendants.

## SHOW CAUSE ORDER
## AND REFERENCE TO GRIEVANCE COMMITTEE

Plaintiff and his counsel are not diligently attending this action and following the court's orders. On December 2, 2024, the court held an in-person status conference to discuss the plaintiff's failure to serve his Rule 26(a)(1) disclosures and his counsel's general unresponsiveness to communications from opposing counsel. Plaintiff counsel Jay Farrow did not appear. At the status conference, his opposing counsel advised the court that Farrow had not responded to emails or phone calls for months.[1] And it was further noted that Farrow had never served any discovery or made any requests about setting depositions.

Now we have a motion to compel the plaintiff to serve his discovery responses.[2] (Doc. 44). The motion represents that plaintiff counsel Farrow remains

---

[1] Based on his failure to respond to thirteen individual bar grievances, attorney Farrow is currently the subject of a contempt proceeding in the Supreme Court of Florida, in which the Florida Bar requests, among other things, that Farrow be suspended from the practice of law. *See* Fl. S. Ct. Case No. SC2024-1681.

[2] Notably, plaintiff never filed a response to the motion to compel service of his Rule 26(a)(1)

unreachable by mail, email, or telephone.

Given that plaintiff and his counsel appear to be shirking their responsibilities in this matter—violating rules, orders, and codes of professional responsibility in the process—by **March 4, 2025**, they must **SHOW CAUSE** why:

(1) Neither plaintiff nor his counsel should be required to reimburse the defendants/counterclaimant $687.50 for the time their counsel devoted to attending the hearing at which Farrow failed to appear and preparing the motion to compel service of the Rule 26(a)(1) disclosures; and

(2) Plaintiff Strenger's claim should not be dismissed and a default should not be entered in favor of Counterclaimant RMC Consulting, Inc.

The show-cause response must be supported by one or more declarations as appropriate.

Moreover, this matter is referred to the division's grievance committee for a full investigation of attorney Farrow's misconduct and a report about whether it finds probable cause for disciplinary action and recommends a proportionate sanction. *See generally* Local Rule 2.04. The clerk is directed to email a copy of this order to Lee Hollander (leehollander@hollanderandhanuka.com), chair of the district's grievance committee for the Fort Myers division.

**ORDERED** on February 18, 2025

NICHOLAS P. MIZELL
United States Magistrate Judge

---

disclosures. By court order, the disclosures were to be served by May 15, 2024. (Doc. 31).