IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
FLORIDA FORT MYERS DIVISION

SCOTT STRENGER,

Plaintiff,

v.

RMC CONSULTING, INC., a/k/a RMC CONSULTANTS LTD, INC., d/b/a RMC GROUP, a Nevis Corporation, MARK ELWELL, an individual,

Defendants.

CASE NO: 23-cv-1226-SPC-NPM

**PLAINTIFF AND PLAINTIFF COUNSEL JAY L. FARROW'S RESPONSE TO FEBRUARY 18, 2025 ORDER [D.E. 45]**

Plaintiff, Scott Strenger and Attorney Jay L. Farrow, by and through undersigned counsel, hereby file Plaintiffs' and Plaintiff's Counsel, Jay L. Farrow's Response to February 18, 2025 Order [D.E. 45] and state as follows:

**CYBER-SECURITY EMERGENCY**

Preliminarily, undersigned notes that he, his wife, and infant child remain under a persistent, relentless and criminal cyber-attack which effectively closed his law firm after 16 years on or about July 10, 2024 and since that time, this mother, father, and their child have fought against the odds to restore their lives and livelihoods as the perpetrators of this attack, Heath Ritenour, John Ritenour, Steven Gunby and the companies they direct and control,

such as Insurance Office of America and FTI Consulting, Inc., preserved their respective empires built upon fraud, bullying and badness.

During 8 months of a living nightmare, undersigned and his family inched their way through a living nightmare while gathering evidence, working with the Federal Bureau of Investigation and obtaining expert reports such that they may seek and obtain serious and consequential emergency statutory equitable relief directed to stop Heath Ritenour and his associates before it was too little too late. On February 5, 2025, when undersigned and his family filed their highly detailed and substantially sourced Verified Complaint against these Threat Actors and others seeking such relief. After 8 months of pure terror, it was unsurprising that Heath Ritenour and Steven Gunby would endeavor to create another "Crisis Scam" to interfere with what undersigned and his family have sought to achieve – until they come to grips with the true reality that computers don't have a button to erase the rule of law.

From February 5 through February 18, the Threat Actors deployed Crisis Scam after Crisis Scam, which more and more have been identified as being AI driven hoping the same would extricate and remove these criminals more and more from the scene of the crime, however, the same only had the digital evidence get more and more precise as to their conduct and activities. That said, the while more evidence is certainly welcome, the Crisis Scams have become ever more brazen, dangerous and the situations they create unequivocally require emergency attention such as when they hacked into the Florida Bar and Florida's eFiling Authority's computer networks to steal the credentials of attorneys and used them, by example, to file a bogus petition in the Florida Supreme Court for undersigned's immediate

suspension. This Response incorporates the February 28, 2025 Motion for Order to Show Cause filed in the Florida Supreme Court by Farrow. Additionally, this Response asserts that notwithstanding numerous attempts to discuss the cyber-breach within this Court, the motion to compel and otherwise the Response to this Order to Show Cause, neither Lead Counsel nor Attorney Mtiuso have responded before or since the entry of Magistrate Mizell's Order to Show cause. Finally, Plaintiff and Plaintiff's counsel argue that the Order to Show Cause is respectfully, in violation of the Parties lack of consent, Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636.

Well, undersigned and his wife have done whatever was necessary including hand-delivering the Florida Bar and showing, in person, the precise evidence of how they accomplished using those networks to not only steal the forms used but also to steal credentials to make happen which is otherwise illegal. This Crisis Scam stunts such as the one at the Florida Supreme Court and others which created a proximity security breach around a federal law enforcement task force on an active field operation undersigned, have certainly made an impression, however, candidly, never in a million years did undersigned believe it might be possible to hack into this Court's ECF Login and Filing System.

After eight months, undersigned and his family do not go around yelling fire unless there is sufficient evidence to believe there is one and in in this case, given the circumstances, the hours he has spent with experts in the last couple days and given the totality of the circumstances, it appears that the Threat Actors infiltrated a vector exploit and were able to manipulate the docket in this case. In particular, understanding the consequences for uttering

these words to this Court be they not true to the absolute best of my knowledge and belief, the Theat Actors directly or indirectly manipulated the execution and filing of the February 18, 2025 Order signed by Magistrate Mizell.

Herein, Plaintiff and undersigned counsel, in good faith, and upon substantial highly probative evidence supported by expert opinions, primary and secondary open sources, and which is, at this hour, being reviewed by independent cyber-security authorities who work with federal law enforcement task forces in the United States and with cyber-agencies around the world, are providing Notice to this Honorable Court and the Clerk of this Court that there are Cyber-Security Breaches and/or Issues related to this Court's ECF Portal which have recently affected this case and, respectfully, require immediate attention.

**Factual Background**

The issues, addressed in detail below, were discovered as part of an ongoing investigation into an Advanced Persistent Threat Cyber Attack ("APT") which targeted undersigned counsel, his family, law firm, its staff, clients, The Florida Bar and Florida's eFiling Authority's Computer Networks and nearly 40 law firms. Here, just hours after Farrow, his family and law firm filed a Verified Motion for Statutory Equitable Relief in a case they filed only weeks ago on February 5, 2025, an Order was entered, docketed and emailed to underigned counsel. It immediately triggered various malware alarms and other warnings, and as such, Farrow went to retrieve this February 18, 2025 Order purportedly signed by the Honorable Magistrate Nicholas P. Mizell assigned to this case, while alerting the Federal Bureau of Investigation ("F.B.I.") Special Agents Andrew Morton and Ryan Schafer of the

Miami Field Office as to the possibility that the same threat actors might have infiltrated this Court's ECF Filing and Docketing System as they had other court networks.

**Factual Context for this Emergency Notice and Preliminary Response**

On February 18, 2025, the Hon. Magistrate Nicholas P. Mizell purportedly entered Show Cause Order and Reference to Grievance Committee [D.E. 45]. which, with all humility and respect, was likely not the intention of His Honor but the latest escalation of the Advanced Persistent Threat Cyber Attack perpetrated by a criminal organization consisting of Heath Ritenour, John Ritenour, Joseph Taylor and Steven Gunby, as well as the corporations their own and/or control. Most respectfully, Magistrate Mizell is most certainly familiar with this Court's File which indicates that this Honorable Court has not referred any matters to Magistrate Mizell for consideration; that the Parties Jointly Filed Uniform Case Management Report [D.E. 24] which indicated "no" consent at Paragraph 6 to having this Court "refer any civil matter to [Magistrate Mizell]"; and that in keeping with that decision, the Parties did not submit a Form AO 85 with the Case Management Report.

Moreover, most very respectfully, Plaintiff and undersigned counsel would not have to remind either Magistrate Mizell nor this Court that pursuant to 28 U.S.C. § 636, even if this Court would have referred any matter to this Court's Magistrate, it would be so noticed and if there were to be a hearing to consider such matter, it would be reflected, at the very least on this Court's docket. Further, neither Magistrate Mizell or this Court are strangers to the plain language of Section 636(b)(1)(A) which prohibits this Court from designating a magistrate to hear and determine a "involuntary dismissal" of Plaintiff's Claims.

Yet, the February 18 Order provides in relevant part that: "On December 2, 2024, the court held an in-person status conference to discuss Plaintiff's failure to serve Rule 26(a)(1) disclosures and his counsel's general unresponsiveness to communications from opposing counsel…it was further noted that *Farrow* had never served any discovery or made any requests about setting depositions."

However, there is no filed notice of hearing on the docket to 'discuss' any such matter with "this Court". Even if there had, pursuant to the lack of consent of the parties and that this Court has never issue any directive to Magistrate Mizell to consider and decide any issue in this case, there was, respectfully, no authority for Magistrate Mizell to enter the February 18, 2025 Order. Moreover, even if there was, there was no due process without notice that an issue would be 'discussed' related to purported shortcomings of Plaintiff or counsel. Even if there was a notice that alleged 'shirking' of responsibilities would be 'discussed', that is not noticing a substantive issue or motion for oral argument and filing a notice of hearing which provides notice and due process.

Yet, assuming proper notice was afforded and a hearing was conducted, certainly, neither Magistrate Mizell or this Court would require having to be reminded that not only would a report and recommendations be required to be served upon the parties by Judge Mizell, but then each party would have the right under Section 636 and otherwise to lawfully object or to request exceptions to the Magistrate's decisions prior to a final written order being entered by this Court. And, without consent to the magistrate's authority, with all due respect, the Magistrate cannot issue a final order upon substantive issues.

Further, no matter what, as both Magistrate Mizell and this Honorable Court are well aware, a magistrate cannot be assigned to determine whether to issue an involuntary dismissal of a parties' claims pursuant to Section 636(b)(1)(A) which is exactly what the February 18, 2025 Order is purporting to consider – an involuntary dismissal and, worse, a judgment in favor of Defendant's Counterclaim by default. And, putting all else aside, Defendants have not argued or requested the same as a remedy – if anything, they are asking for $637.50 in attorney's fees although it is unclear even where that number came from – but involuntarily dismissal and then granting a default is the most serious of all sanctions. And not only is this Court prohibited from assigning such a matter of dismissal and granting judgment by default, there is no statutory or case law supporting the granting of an involuntary dismissal because a parties' attorney, not the party, but his attorney never propounded discovery which is exactly what the February 18, 2025 Order states.

In fact, parties may not be free from having to respond to discovery, **<u>but they do not have to</u>** propound discovery, nor can any party be sanctioned for not requesting to depose their opponent. That is not to say that Plaintiff had these strategies, only that, as the crow flies, Plaintiff is facing an involuntary dismissal for being a week late in responding to Defendants FIRST discovery requests which were propounding in January 2025 and for which there is substantial cause.

Plaintiff and his counsel do not by the above statement imply that blowing a deadline is acceptable, it is not – there are rules of procedure and they are what make cases move to through discovery, dispositive motions and to trial. Plainly stated, this February 18, 2025,

Order is extremely suspect to begin with as it is not legally tenable, and there is ample evidence it was not drafted by Magistrate Mizell, but likely the workings of an AI application which is being used by the perpetrators to file court documents using the stolen credentials of Florida Bar attorneys to attack undersigned counsel over the last four months as part of this APT cyber-attack. And the link which was sent to undersigned counsel, and which exists online caused another massive disruption to undersigned's computer system he and his firm have had to rebuild and reconstruct over and again, while he and his family have been decimated, and torn apart.

The February 5, 2025 Verified Complaint filed in the Southern District of Florida

To understand the background and brazenness of these Threat Actors, which cannot be avoided due to the serious consequences of having pleadings stricken and a default being entered against Plaintiff, undersigned is attaching hereto and incorporating by reference the Verified Complaint filed on February 5, 2025 in the matter styled: Jay Farrow et. al. v. IOA Group, LLC et al., United States District Court, Southern District of Florida, Case Number: **25-cv-20544-MARTINEZ-SANCHEZ ("2025 SDFla Case").**

Since late June 2024, because it was *unsafe,* Plaintiff's undersigned counsel has not had but a few, yet meaningful, discussions with Plaintiff in the last several months, and has only briefly communicated with Plaintiff by email regarding the ongoings in this matter in the last few days. In fact, both he, and five other of undersigned clients who have had interactions with undersigned counsel have reported indicate issues with their communication devices and email accounts such that do not disturb features or email rules are caused by the

Threat Actors to block, delay, interfere with and/or actually intercede as one of the parties to the confidential communications between the parties – identical to what it seems Defendants' counsel is experiencing.

Moreover, on February 18, 2025, one business day after receiving Defendants' Motion to Compel [D.E. 44] which argued that Plaintiff was two (2) days late in responding to Defendants *FIRST* Request for Discovery since this case began, and just hours *after* Plaintiff's undersigned counsel, his wife, infant child and law firm filed a Motion for Statutory Equitable Relief Pursuant to the Computer Fraud and Abuse Act 11 U.S.C. 1030(g) and/or Florida's Criminal RICO Act 'Civil Remedies", Fla. Stat. 895.05(6) in the 2025 SDFla Case, undersigned counsel received an email purportedly from the CM ECF PACER System which contained a Link to Docket Entry 45, which is Magistrate Mizell's Order to Show Cause and Referral to Grievance Committee.

Immediately, using best practices, undersigned performed a security check of the link which raised a number of serious red flags that indicate it may contain malware or malicious embedded code. The following are screenshots from undersigned's email account during the investigation.

| | |
|---|---|
| Failed to load resource: the server responded with a status of 422 () | https://mail.proton.me/api/core/v4/images?Url=..%2Fimages%2Fnota-bene-border.png&DryRun=1 |
| Failed to load resource: the server responded with a status of 422 () | https://mail.proton.me/api/core/v4/images?Url=..%2Fimages%2Fnota-bene-border.png&DryRun=0&UID=2spaocsci72vb6y2kll7j2v5umqvya5p |
| ▸ Notification prompting can only be done from a user gesture. | desktopNotification.ts:73 |
| Failed to load resource: the server responded with a status of 422 () | https://mail.proton.me/api/core/v4/keys/all?Email=aresnick%40thefirmmiami.com&InternalOnly=1 |
| Failed to load resource: the server responded with a status of 422 () | https://mail.proton.me/api/core/v4/keys/all?Email=jluger%40wsh-law.com&InternalOnly=1 |
| ▸ Unleash: unable to fetch feature toggles – TimeoutError: Request timed out | main.esm.js:1:20219 |
| Failed to load resource: The request timed out. | https://mail.proton.me/api/tests/ping |
| Failed to load resource: The request timed out. | https://mail.proton.me/api/tests/ping |
| Failed to load resource: The request timed out. | https://mail.proton.me/api/tests/ping |
| Failed to load resource: The request timed out. | https://mail.proton.me/api/tests/ping |
| Failed to load resource: The request timed out. | https://mail.proton.me/api/tests/ping |
| Failed to load resource: the server responded with a status of 422 () | https://mail.proton.me/api/core/v4/keys/all?Email=cmecf_flmd_notification%40flmd.uscourts.gov&InternalOnly=1 |

Given these warnings, undersigned logged on to PACER, looked up this case, and first clicked on the February 12, 2025 Motion to Compel that Defendants' filed claiming Plaintiff was two days late in responding to Defendants' First Request for Production and found an anomaly he has never seen in practicing in this district or in his over twenty years in the Southern District of Florida. After Docket Entry 44 is selected, what opens is a screen that appears to be and, in fact, states that it is a 'result' from a search within the Clerk of the Court for the 20th Judicial Circuit in and for Lee County, Florida.


IN THE CIRCUIT COURT OF T

ecf.flmd.uscourts.gov/doc1/047128075475

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR

1 / 58 100%

Case 2:23-cv-01226-SPC-NPM Document 44 Filed 02/12/25 Page 1 of 58 PageID 206

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT STRENGER,

Plaintiff,

v.

RMC CONSULTING, INC., a/k/a RMC CONSULTANTS LTD, INC., d/b/a RMC GROUP, a Nevis Corporation, MARK ELWELL, an individual,

Defendants.

CASE NO. 23-CV-1226

DEFENDANT RMC CONSULTING, INC'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

Defendant, RMC CONSULTING, INC., by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court for entry of an order compelling Plaintiff, SCOTT STRENGER, to serve his responses to Defendant's First Set of Interrogatories and First Request for Production of Documents, and requiring Plaintiff and his counsel to pay Defendant's attorney fees incurred in pursuing this motion. Defendant states the following in support thereof:

1. On January 8, 2025, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents via U.S. Mail. *See*

Realizing there was a major problem, undersigned then inspected the computer code as to Docket Entries 44, the Motion to Compel of February 12, 2025 and, and DE 45, the February 18, 2025 Order. As to the metadata on the Motion to Compel, it provides that each time a visitor clicks on the document, it is considered 'modified' which reveals that sophisticated code to 'listen' or catch a user's IP address or location. As to the order, there is code related Magistrate Mizell's signature and the authorizations to upload an order which is not something attorneys can do on the ECF system. There are extensions, JAVA scripts, and an extensive array of 'listeners' which are used by hackers to obtain Personal Identification Information.

Upon inspecting the webpage source code, there was an embedded link along with

nearly 30,000 lines of computer code for a two-page document which is evidence of a highly sophisticated form of Website Cloning where the Threat Actors essential reconstructed a website which looks and acts like the authentic website but is actually a fake. In many cases, cyber-threat actors do this to obtain Person Identification Information or, as here, to deliver a package of malware to a protected computer and use the infiltration to set up remote access and/or to exfiltrate data. Below is what the February 18, 2025 Order appears to look like at first glance:




Case 2:23-cv-01226-SPC-NPM Document 45 Filed 02/18/25 Page 1 of 2 PageID 264

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT STRENGER,

Plaintiff,

v. 2:23-cv-1226-SPC-NPM

RMC CONSULTING, INC., et al.,

Noticeably, this does not reflect anything from the 20th Judicial Circuit of Florida, and it has a filing number at the top which is 047128093165. However, after reviewing the source code, which has technologies which simply would not be embedded into a document on the ecf.flmd.uscourts.gov site, such as extensions, plugins and 'listeners' which provide the threat actors with real-time information as to whom is visiting the URL link and which provides the

user's IP address, location and can, as here, deliver a malware payload which destroyed the functionality of the 13 or 14th computer Farrow has had to replace since June 2024.

Regardless, here, within the computer code on the 'web page' which the image of the February 18, 2025 Order appears and from an analysis of the links associated with this DE 45, there are several ways to find the threat actors 'tricked' the PACER system and/or hacked into the system using the credentials of, for example, a judicial staff member, and embedded the Order themselves. Below is the line of computer code where the threat actors stated that this document is not 047128093165, but as follows:




Indeed, no attorney can upload a Judicial Order signed by a Federal Judge or Federal Magistrate Judge and, here, it is critical to note the Threat Actor's operators had no clue that, respectfully, this Court did not refer the underlying Motion to Compel Discovery Responses or any Motion to Compel for that matter to Magistrate Mizell. Moreover, the Parties in this Case specifically did not provide their consent to have Judge Mizell decide such matters in the April 8, 2024 Case Management and Scheduling Report, and even if they did, it is black letter law that the Magistrate would first have the matters fully briefed, issue their report and recommendations to this Court whereafter any party could file objections or exceptions to such reports. And then, and only then, could this Court, and not the Magistrate, execute a judicially enforceable Order. Especially one that refers counsel to a Florida Bar Grievance Committee and specifically naming an attorney and law firm to 'handle it', threatens to

impose specific monetary sanctions or worse still – to dismiss Plaintiff's case and have Defendants' win their counter claim by default.

And by no means is Plaintiff or undersigned counsel saying they are not going to participate in discovery, or respond to Defendants' discovery, however, had Defendants counsel responded to Farrow's emails of February 13, 14, 16, 17 and 18 explaining the very serious and ongoing situation that has had them jump from one Crisis Scam to another for eight months and actually met and conferred, we would likely not be here now – but, again, Defendants' counsel likely has no clue any of this is going on and are, at the very least, negligent in their duties to meet and confer.

Frankly, undersigned, his wife, and infant child, and, no doubt the Plaintiff, have had enough and they have every confidence that after reviewing the substantial evidence and court papers incorporated into this Response and attached hereto, this Court, the Clerk of this Court, Magistrate Mizell, Defendants and Defendants' counsel will take heed and employ appropriate measures. Simply put, it does not get any more serious than when an attorney is under a cyber-attack and cannot reach opposing counsel, but it is a whole new ball game when the Court itself is infected by these Threat Actors.

In fact, this incident follows 8 others in just the last two weeks since the filing a Verified Complaint against the Threat Actor Defendants. And while here, the unlawful infiltration into Farrow's protected computer for purposes of causing damages, did, in fact, cause substantial damages on February 18 through present, days ago these same cyber-threat actors managed to block undersigned's wife from communicating with four organ transplant teams

during a multi-organ transplant. **As the Medical Director of Pediatric Transplant, Adult Liver and Intestinal Transplant and Associate Professor of Medicine at the University of Miami Miller School of Medicine – she has testified in two Affidavits which are being submitted in support of this emergency notice, that the Threat Actor's activities have and currently present a clear and present danger to human life as interfering with her or her staff's care of critically ill pediatric patients waiting to receive or recovering from an organ transplant is patently dangerous and hazardous. As Dr. Doe puts it, what they are doing "is going to get someone killed.**

While there is substantially more evidence being submitted herewith than referenced herein, this matter has forced undersigned to engage experts, expend two days repairing computers and replacing one and preparing this Notice/Response and at this time, not only does it appear that that Attorney Magner Tiuso and Lead Counsel Damian Taylor are, at best, unaware they have been hacked, or, worse, if they do know, they do not seem all that concerned. However, undersigned has had to pay dearly for having a cavalier attitude towards cyber-security. In undersigned's case, the Threat Actors had perpetrated what is known as an Advanced Persistent Threat Cyber Attack against undersigned's firm beginning over five years ago and when things were strategically necessary to implement the final sequence framework structures of the APT, the Threat Actors used their permissions and fortified footholds within Farrow Law's network and many more to effectively close the firm in just over four weeks.

Farrow and his wife have been cooperating with a federal investigation headed by the

F.B.I. since September 2024 and have inched their way to have filed the Verified Complaint against the Threat Actors pursuant to the Computer Fraud and Abuse Act 18 U.S.C. § 1030 et. seq., the Federal Racketeering and Corrupt Organizations Act ("RICO") 18 U.S.C. 1961 et. seq. and seeking statutory equitable relief in the form of the suspension of Heath Ritenour, John Ritenour and Insurance Office of America's Insurance Licenses, restrictions and/or suspensions of the corporate charters of IOA Group, LLC and Insurance Office of America and those of FTI Consulting, Inc.

And, it is no coincidence that just hours after filing their Verified Motion for Statutory Equitable Relief, that Farrow received Magistrate Mizell's February 18, 2025 Order which references proceedings at the Florida Supreme Court without knowing that undersigned counsel and his wife went personally to Tallahassee Florida and hand-delivered to the Florida Bar spreadsheets of information show the precise usernames, passwords and URL that were compromised, in part, to effectuation the purposes of Heath Ritenour, FTI Consulting and Steven Gunby's APT attack or that over forty other law firms have been effected.

Here, while undersigned had not engaged in much of any legal practice over the last eight months and is seeking an injunction against the threat actors for conjuring up these "Crisis Scams" which require Farrow or his wife to act because not doing so has such serious and profound consequences. So, when Farrow reported what was happening the Lead Counsel Damian Taylor on February 13, 14, 16, 17 and 18, but received the same or nearly identical tone-deft emails from one of his 'associates', Mr. Tiuso, threatening sanctions and then filing a motion to compel, and then threatening more sanction motions, he investigated

and found that Attorney Tiuso's email was compromised as it did not relay back to the purported Top-Level Server. When Farrow called him back at his extension after he allegedly left a message on February 18, 2025, at 10:15 a.m., upon further inspection, it appears that the same was an AI Spoof Voice Call. In fact, notwithstanding leaving several messages with Mr. Tiuso, undersigned has never received a call back from him.

Undersigned counsel has already initiated action and is filing this Emergency Notice and preliminary response to the Order to Show Cause in good faith, along with supporting declarations, pleadings and motions, such as those proceedings which are ongoing at the Florida Supreme Court. These materials include: (1) the February 5, 2025 Verified Complaint filed in the 2025 SDFla Case; (2) February 18, 2025 Motion for Statutory Equitable Relief; (3) the August 22, 2024 and February 8, 2025 Affidavits of the Medical Director of Pediatric Transplant, Adult Liver and Intestinal Transplant at Jackson Memorial and UM Health's Miami Transplant Center; (4) December 18, 2024 Corrected Response filed by Jay Farrow and December 27, 2025 Motion for Protective Order filed in the Florida Supreme Court; (5) November 11, 2024 Emergency Ex Parte Motion re: Interference with Federal Law Enforcement; and (6) representative examples of the evidence of unlawful breaches into the Florida Bar's Computer Network and Florida's eFiling Authority's computer network.

With respect to the ladder, this includes examples of over One Thousand Three Hundred columns of data. In each of these columns which related to the URL www.myflcourtaccess.com, the information specifically identifies each unlawful infiltration by username, password, timestamp, IP address (if available), the country of origin and other

specific information which was procured by and through the joint efforts of undersigned counsel and his wife, Medical Director Doe at enormous expense. Below are examples of screenshots:

| 1 | ip | url | email | passw | insertion_time: |
|---|---|---|---|---|---|
| 2 | 73.1.75.247 | https://member.floridabar.org/CPB | mimifried@aol.com | Happy | 2024-09-27 0 |
| 3 | None | https://member.floridabar.org/ | z.zimlaw@gmail.com | 602sta | 2024-06-21 0 |
| 4 | None | https://member.floridabar.org/ | z.zimlaw@gmail.com | 602sta | 2024-06-21 0 |
| 5 | 172.93.148.174 | https://member.floridabar.org/ | | 602sta | 2024-06-19 0 |
| 6 | 172.93.148.174 | https://member.floridabar.org | az@zipilaw.com | 602sta | 2024-06-19 0 |
| 7 | 172.93.148.174 | https://member.floridabar.org/ | az@zipilaw.com | 602sta | 2024-06-19 0 |
| 8 | 172.93.148.174 | https://member.floridabar.org | | 602sta | 2024-06-19 0 |
| 9 | 73.35.85.168 | https://member.floridabar.org/CPB | dhabell@yahoo.com | Semin | 2024-06-17 0 |
| 10 | None | https://member.floridabar.org/CPB | benayat.111@gmail.com | jood00 | 2024-05-02 0 |
| 11 | 73.0.216.215 | https://member.floridabar.org/ | emask@flcourts.org | Marilyn | 2024-04-20 0 |
| 12 | 73.0.216.215 | https://member.floridabar.org/ | | Marilyn | 2024-04-20 0 |
| 13 | 73.1.75.247 | https://member.floridabar.org/CPB | mimifried@aol.com | Happy | 2024-04-16 0 |
| 14 | None | https://member.floridabar.org/CPB | mimifried@aol.com | Happy | 2024-02-09 1 |
| 15 | None | https://member.floridabar.org/CPB | mimifried@aol.com | Happy | 2024-02-09 1 |
| 16 | 73.125.172.145 | https://member.floridabar.org/CPB | mimifried@aol.com | Happy | 2024-02-19 1 |
| 17 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | ryanba | 2024-02-09 1 |
| 18 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | Sergea | 2024-02-09 1 |
| 19 | None | https://member.floridabar.org/ | | Sergea | 2024-02-09 1 |
| 20 | None | https://member.floridabar.org/CPB | mimifried@aol.com | Happy | 2024-02-09 1 |
| 21 | None | https://member.floridabar.org/ | | Sergea | 2024-02-09 1 |
| 22 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | Sergea | 2024-02-09 1 |
| 23 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | ryanba | 2024-02-09 1 |
| 24 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | Sergea | 2024-02-09 1 |
| 25 | None | https://member.floridabar.org/ | | Sergea | 2024-02-09 1 |
| 26 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | ryanba | 2024-02-09 1 |
| 27 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | ryanba | 2024-02-09 1 |
| 28 | None | https://member.floridabar.org/ | | Sergea | 2024-02-09 1 |
| 29 | None | https://member.floridabar.org/CPB | edkellyatlaw@aol.com | Sergea | 2024-02-09 1 |
| 30 | 158.62.50.143 | https://www.floridabar.org/wps/port | :0CCtm1lLgRPI ksMgk-KbGoahS8k | Jetthe | 2023-12-31 1 |

| | |
|---|---|
| https://tloxp.tlo.com/login.php | JMONROE@FLORIDABAR.ORG |
| https://clearwaterfl.mycusthelp.com/WEBAPP/_rs/(S(jxgqedtpbf5siyh3osj3 | jmonroe@floridabar.org |
| https://mycusthelp.info/CLEARWATERFL/_rs/(S(tqubm3h0fs2pnk2ybouwvv | jmonroe@floridabar.org |
| https://pcso.govqa.us/WEBAPP/_rs/(S(ms3shltjz2rzjrxiuiwcg012))/Login.as | jmonroe@floridabar.org |
| https://pascocounty.mycusthelp.com/WEBAPP/_rs/(S(kpyyjn5mcafyq3kori | Jmonroe@floridabar.org |
| https://colliercountyshofl.mycusthelp.com/WEBAPP/_rs/(S(oh4v2j1eigj2vp | jmonroe@floridabar.org |
| https://ccso.mycusthelp.com/WEBAPP/_rs/(S(v3t015e5ofg41otq10z3uic2) | jmonroe@floridabar.org |
| https://colliercountyshofl.mycusthelp.com/WEBAPP/_rs/(S(oh4v2j1eigj2vp | jmonroe@floridabar.org |
| https://azcourtdocs.gov/arizona/publicSignUp.admin | jmonroe@floridabar.org |
| https://ccso.mycusthelp.com/WEBAPP/_rs/(S(v3t015e5ofg41otq10z3uic2) | jmonroe@floridabar.org |
| https://pcso.govqa.us/WEBAPP/_rs/(S(ms3shltjz2rzjrxiuiwcg012))/Login.as | jmonroe@floridabar.org |
| https://stpetefl.mycusthelp.com/WEBAPP/_rs/(S(mqcsscnfgmnydhgvdxezr | jmonroe@floridabar.org |
| https://stpetefl.mycusthelp.com/WEBAPP/_rs/(S(mqcsscnfgmnydhgvdxezr | jmonroe@floridabar.org |
| https://hillsboroughsheriff.govqa.us/WEBAPP/_rs/(S(ku4srjpn4ax1eiml0c2 | jmonroe@floridabar.org |
| https://pascocounty.mycusthelp.com/WEBAPP/_rs/(S(kpyyjn5mcafyq3kori | Jmonroe@floridabar.org |
| https://mycusthelp.info/CLEARWATERFL/_rs/(S(tqubm3h0fs2pnk2ybouwvv | jmonroe@floridabar.org |
| https://leecountysheriff.govqa.us/WEBAPP/_rs/(S(dztht24ymq1vebykx0dm | jmonroe@floridabar.org |
| https://azcourtdocs.gov/arizona/publicSignUp.admin | jmonroe@floridabar.org |
| https://securemail.csbflorida.com/s/e | jmonroe@floridabar.org |
| https://hillsboroughsheriff.govqa.us/WEBAPP/_rs/(S(ku4srjpn4ax1eiml0c2 | jmonroe@floridabar.org |
| https://login.microsoftonline.com/common/oauth2/authorize | jmonroe@floridabar.org |
| https://www.azcourtdocs.gov/arizona/publicLogin.admin | jmonroe@floridabar.org |
| https://tloxp.tlo.com/login.php | JMONROE@FLORIDABAR.ORG |
| https://login.microsoftonline.com/common/oauth2/authorize | jmonroe@floridabar.org |
| https://www.azcourtdocs.gov/arizona/publicLogin.admin | jmonroe@floridabar.org |

Plaintiff and his undersigned counsel are going to use this opportunity to support the integrity of this Court of Law as it requests and will provide further evidence in camera or otherwise and/or provide a further response to the February 18 Order, if necessary, by March 4, 2025. However, the information contained herein cannot be delayed to this Court,

Magistrate Mizell, Defendants or their Counsel, Damian Taylor and Magner Tiuso. A copy of this court filing is being copied upon Special Agents Andrew Morton and Ryan Schafer, F.B.I. Miami Field Office and/or the Office of the United States Attorney for the Southern District of Florida.

In summary, this emergency notice and partial response is being filed in good faith such as not to delay immediate action being taken now to protect this Court, Magistrate Mizell, Defendants and Defendants' counsel without prejudice to otherwise respond by March 4, 2025, and to file a Motion to Vacate the February 18, 2025, Order. There is simply no other way for undersigned to act and neither he, nor his wife, or Plaintiff, can do this alone as this is truly everyone's problem. In fact, in the last few business days, the Threat Actors Heath Ritenour, John Ritenour, Insurance Office of America, IOA Group, Steven Gunby and FTI Consulting have exponentially escalated their attacks since the filing of the Verified Complaint and Motion Seeking Equitable Statutory Relief, which have included:

(1) interfering with Dr. Doe's communications with transplant teams during an active multi-organ transplant;

(2) hacking two more cell phones belonging to Farrow and Dr. Doe which are now blocking calls between them and others over the last 48 hours;

(3) interfering with Farrow's communications with the Florida Bar relative to his and Dr. Doe's hand-delivered specific evidence of the breaches into the Florida Bar Network;

(4) using their unlawful access to Florida's eFiling Authority to block Farrow from filing court documents related to Farrow and Dr. Doe's legal matters;

(5) within the last several hours, one of Farrow and Farrow Law's clients received a highly personalized email threat – the third since November;

(6) Farrow has received four highly sophisticated spear phishing emails after changing his service email designations with this Honorable Court on February 5, 2024, with two of them coming in the last 24 hours;

(7) Farrow received a notification that a motion for sanctions was filed against him in this Federal Case and a purported Order has required him and the Plaintiff herein to show cause; and

(8) Upon substantial evidence, it appears that the Threat Actors are using an unlawful and malicious use of this Court's ECF website or Portal to further their Ultimate Goals which including massive illegal profiteering from criminal and hazardous business practices.

Activities similar and identical to the above have occurred so persistently and brazenly that they effectively closed Farrow Law on or about July 10, 2024, which resulted in completely blocking Farrow, on behalf of his clients, from prosecution several litigation matters against the Threat Actors for tens of millions in damages, not to mention the requests to break up their criminal enterprise through injunctive relief. However, these Crisis Scams, a/k/a manufactured situational crisis events which need emergency attention and cause severe trauma, the draining of resources and have Farrow and his wife's infant child being treated in a hospital setting for trauma related regressive development. Undersigned states for the record:

> "There is no other way to describe what the last eight months have been like - it is a living nightmare that threatens my family's safety, health and very existence. We will not tolerate this abuse any longer nor the apathy appertaining to cyber-related crimes which are as violent and life altering as any other assault and battery. We will continue to fight these individuals whose creativity for delivering pain through ever more brazen cyber-attacks is only limited by how low they are willing to stoop into the depts of human depravity where they must go to find their inspirations. To date, there is no evidence they have been or will be satisfied with any bottom."

Plaintiff and undersigned counsel incorporate by reference the February 5, 2025 Verified Complaint, the February 18, 2025 Motion for Equitable Relief and other exhibits referenced and incorporated herein. As the Expert Reports state, this is not a situation where the hackers are anonymous, of the hit and run variety, or weekend-warriors. It is not a 'who'd done it'. As one of the Expert Reports states, there is a high probability that Threat Actor FTI Consulting, Inc, a 9000-person cyber-security and infamous corporate crisis management company, and the other Threat Actors are directly connection to and did in fact perpetrate this APT against Farrow, his wife, infant child, law practice and clients such as Plaintiff in this case. And the only way to stop them is through constant situational awareness and advising other victims as they are discovered as to the very serious and criminal nature of these activities and encourage them to report the conduct to the F.B.I. or other law enforcement agency.

**WHEREFORE,** Plaintiff Scott Strenger, and his undersigned Counsel, Jay L. Farrow, respectfully request that this Honorable Court:

(1) strike and vacate the Order to Show Cause of February 18, 2025;

(2) enter an Order requiring a live hearing or at the very least a live meeting in person between Lead Counsel Damian Taylor and Lead Counsel Jay Farrow within 30 days pursuant to Federal Rule of Civil Procedure 16 such that Farrow can present the evidence related to the cyber-attack against his firm and its network which has caused an inability to respond to discovery at this time;

(2) stay all further deadlines until further order of this Court; and

(3) refer this matter to Special Agents Andrew Morton and Ryan Schafer of the F.B.I. Miami Field Office and the United States Department of Justice regarding an investigation into the likely cyber-security breaches referenced herein or otherwise surrounding this matter, including that Defendants' counsel's emails from Plaintiffs' counsel are not being received or are being deleted by threat actors.

Dated: March 4, 2025.

## CERTIFICATE OF SERVICE

*I* ***HEREBY CERTIFY*** that on this 4th day of March 2025 the foregoing was electronically filed with the Clerk of Court using the CM/ECF portal which will send a notice of electronic filing to all counsel of record and, serving F.B.I. Special Agents Andrew Morton and Ryan Schafer, CY-5, F.B.I. Miami as follows: (1) via hand-delivery F.B.I. Miami Field Office, Miramar, Florida; and (2) via email transmission: afmorton@fbi.gov and rwschafer@fbi.gov.

**Farrow Law, P.A.**
Attorneys for Plaintiff/ Counter Defendant
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: 954 (805) 1915
jay.farrow@counselorlawfirm.com

By: /s/Jay L. Farrow
Jay Lewis Farrow
Florida Bar: 625213