# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**SCOTT STRENGER**,

    Plaintiff,

v.                                                               2:23-cv-1226-SPC-NPM

**RMC CONSULTING, INC.**, et al.,

    Defendants.

## ORDER

This is an employment dispute in which plaintiff Scott Strenger alleges, among other things, that he was discriminated against and wrongfully terminated. (Doc. 1). His former employer countersues for an alleged breach of their employment agreement. (Doc. 27). Plaintiff is represented by attorney Jay Lewis Farrow. On behalf of his client, Farrow failed to:

- serve Rule 26(a)(1) disclosures by the May 15, 2024 deadline (Doc. 31)
- respond to Defendants' motion to compel Rule 26(a)(1) disclosures (Doc. 39)
- respond to discovery requests sent to him by email and U.S. mail (Doc. 44)[1]
- respond to Defendants' motion to compel discovery responses (Doc. 44)
- appear for the December 2, 2024 status conference (Doc. 42)
- conduct any discovery in the matter (as confirmed by opposing counsel during the December 2, 2024 status conference)
- respond to emails and voicemails from opposing counsel from at least June through November 2024.

And during the December 2024 conference, opposing counsel advised the court of a news report and court rulings related to Farrow's cases being dismissed for lack of

---

[1] With no objection to email service in the joint case management report, Strenger consented to service of discovery requests by email. (Doc. 4 at 10; Doc. 24).

prosecution, including failures to appear. They showed a pattern of Farrow making excuses based on his alleged victimhood of an elaborate cyber-hacking conspiracy, and of courts being unconvinced.[2]

Given the failure to appear in court as directed and the general failure to prosecute and defend, we ordered Farrow and Strenger to show cause why Strenger's claims should not be dismissed, why Strenger should not be held in default on the counterclaim, and why Strenger and/or Farrow should not be required to reimburse $687.50 to their opponents in this matter (for the time opponents' counsel devoted to attending the hearing at which Farrow failed to appear). (Doc. 45). And we further took note that Farrow is the subject of a contempt proceeding before the Supreme Court of Florida in which the Florida Bar seeks to suspend his license to practice law. (Doc. 45 at 1, n.1).

In response, Farrow questions the authenticity of the show-cause order and the authority of the *judge* to enter it. (Docs. 47, 48). As a backdrop, the 350 pages of materials filed by Farrow offer an elaborate excuse for not honoring professional obligations and otherwise avoiding accountability. By Farrow's account, the following are not real: the complaints of his current or former clients to the Florida Bar, the Florida Bar's filings and communications in response to those complaints, and the efforts of opposing counsel and the courts to secure Farrow's compliance with established rules and orders or to impose sanctions for violations of the same.

---

[2] *See generally* https://www.miamiherald.com/news/local/community/miami-dade/coral-gables/article295246789.html (reporting that more than a dozen former clients were deserted by Farrow after paying him thousands of dollars, despite a years-long rehabilitation program with the Florida Bar).

2

According to Farrow, the emails from opposing counsel, the court filings made by opposing parties, and the notices and orders docketed by the courts are counterfeit, and even the calls and voicemails from opposing counsel, bar counsel, and disgruntled clients are collectively a computer-generated hoax. Contrary to these fanciful suggestions, the show cause order in this matter (Doc. 45) is authentic and lawful. *See* 28 U.S.C. § 636(b)(1)(A) and (b)(3); Local Rule 1.02(a); *In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (M.D. Fla. October 30, 2024).

As best the court can tell, Farrow does, in fact, receive the court's notices and orders, including both the November 18, 2024 notice of hearing for the December 2024 status conference, and, obviously, the show-cause order itself. And as Farrow knows from experience, a failure to appear or a general failure to prosecute can result in a dismissal of one's case. *See Garcia v. Porsche Financial Services, Inc.*, No. 1:24-cv-21498-BB (S.D. Fla. July 15, 2024) (dismissing by default a case in which Farrow was plaintiff counsel because there was no response to the motion to dismiss, no response to the defendant's request to schedule mediation, and no response to a court order directing one); *Qualman v. Quantify, Inc.*, No. 2022-013768-CA-01 (Fla. 11th Jud. Cir. July 8, 2024) (dismissing case in which Farrow was plaintiff counsel due to his failure to appear without explanation at a calendar call).

In the interests of justice, the court will provide Farrow's client, Scott Strenger, an opportunity to get this case on track toward a resolution on its merits.

By separate notice, this matter will be set for an in-person Rule 16 conference on **April 11, 2025 at 2:00pm**. Absent extraordinary circumstances *beyond those presented to date*, this conference will *not* be rescheduled. Plaintiff Scott Strenger must attend in person. By **March 26, 2025**, attorney Farrow shall file a notice of compliance certifying (1) that he has provided both written and oral notice to Strenger that Strenger must attend the April 11 conference in person, and (2) that he has provided copies of this order and the show-cause order (Doc. 45) to Strenger.

**ORDERED** on March 19, 2025

NICHOLAS P. MIZELL
United States Magistrate Judge

c:  Grievance Committee Chair Lee Hollander
    leehollander@hollanderandhanuka.com
    Bar Counsel Randall L. Berman
    rberman@floridabar.org
    Bar Counsel Patricia Ann Toro Savitz
    psavitz@floridabar.org
    F.B.I. Special Agent Andrew Morton
    afmorton@fbi.gov
    F.B.I. Special Agent Ryan Schafer
    rwschafer@fbi.gov

4