UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SCOTT STRENGER**,

    Plaintiff,

v.                                                                   2:23-cv-1226-SPC-NPM

**RMC CONSULTING, INC.**, *et al.*,

    Defendants.

## ORDER

Plaintiff Scott Strenger initiated this action in December 2023 as a run-of-the-mill employment dispute. (Doc. 1). But it didn't take long for things to falter. We closed the case because no one moved for an extension of time for the defendants to respond to the complaint. And then we reopened the case and gave the defendants three extensions of time as the parties attempted to resolve the matter. (Docs. 8, 10, 12, 16, 26). With no resolution at hand, defendants Mark Elwell and RMC Consulting answered, and RMC presented a counterclaim. (Doc. 27). For a while, we appeared to be back on track. The parties conducted a Rule 26(f) conference and jointly filed their Case Management Report (Doc. 24), and without incident, they appeared for a Rule 16 conference. (Doc. 30). But by May 15, 2024, the wheels began to slip as the parties failed to timely serve their Rule 26(a)(1) disclosures, and Strenger's June 20 answer to the counterclaim was filed one day late. (Doc. 38). And by July, the case went off the rails as Strenger's counsel became distracted from, or unable to attend to, the matter.

For months, Strenger's counsel did not return calls or respond to emails from opposing counsel, and he failed to appear for a December 2, 2024 hearing on the defendants' motion to compel Rule 26(a)(1) disclosures (to which no response was filed). (Docs. 39, 40, 42). The defendants' interrogatories and requests for production also went unanswered, and they presented a motion to compel for which no response was filed. (Doc. 44). So, we issued a show cause order that took note of the Florida Bar's ongoing disciplinary proceedings against Strenger's counsel and directed Strenger and his counsel to show cause (1) why they should not be sanctioned $687.50 for necessitating the first motion to compel and failing to appear for its hearing, and (2) why Strenger's claim should not be dismissed and a default should not be entered in RMC's favor for Strenger's failure to diligently attend this action. (Doc. 45). This got their attention. Within three days, we began to receive voluminous and fanciful filings meant to advance an excuse for a months-long pattern of sustained neglect. (Docs. 47, 48).

To avoid getting bogged down in collateral matters wholly divorced from the merits, and to determine whether we could get this action back on track, with or without the further participation of Strenger's current counsel, we set another Rule 16 conference and required Strenger to attend. (Doc. 49). While Strenger's counsel, Jay Farrow, generally acknowledged his failings, accepted responsibility, and showed contrition, nothing offered in either the papers or during the hearing dissuades us from imposing the $687.50 sanction discussed in the show-cause order. But both the papers and the hearing confirm that this sanction should be imposed against Farrow and not Strenger.

The parties have since advised that Strenger has served his Rule 26(a)(1) disclosures, agreed to respond to written discovery, and agreed to an amended schedule, which the defense has requested. (Docs. 53, 56). The pending motions are therefore resolved as follows:

- Defendants' motion to compel Rule 26(a)(1) disclosures (Doc. 39) is **denied as moot in part and granted in part**. By June 6, 2025, attorney Farrow must file a notice of compliance certifying that he has paid an expense-of-motion award of $687.50 to the defense.

- Defendants' motion to compel discovery responses (Doc. 44) is **granted**. With no timely response to either the discovery requests or the motion to compel, Strenger forfeited any objections. To the extent he has not done so already, Strenger must serve complete and verified answers to the interrogatories and all non-privileged documents responsive to the document requests by June 6, 2025. As for an expense-of-motion award, we are inclined to impose an amount similar to or less than that awarded for the first motion to compel. The parties are directed to confer and file a joint notice by June 13, 2025, advising whether this issue remains unresolved. If unresolved, Strenger must also file a memorandum by June 13 discussing his points in opposition to the invoices supplied by the defense (Doc. 56, pp. 6-19) and offering any rationale for apportioning the award between Strenger and his counsel.

- Defendants' motion to amend the scheduling order (Doc. 53) is **granted**. An amended schedule will be docketed separately.

Moreover, attorney Farrow must be prompt and otherwise professional in his communications with opposing counsel, and he must act with all due diligence in this action. A failure to do so may result in an order requiring Strenger to either proceed without counsel or obtain co-counsel to replace Farrow as lead counsel.

**ORDERED** on May 23, 2025

NICHOLAS P. MIZELL
United States Magistrate Judge