UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT STRENGER,

    Plaintiff/Counterclaim
    Defendant,

v.                                                              Case No.:   2:23-cv-1226-SPC-NPM

RMC CONSULTING, INC. and
MARK ELWELL,

    Defendants/Counterclaimants.
_____/

**ORDER**

    This matter comes before the Court on *sua sponte* review of the file. Plaintiff Scott Strenger brought this employment-discrimination case. (Doc. 1). Defendants brought a counterclaim for breach of contract. (Doc. 27). Initially, Plaintiff was represented by Jay Lewis Farrow. On April 11, 2025, the Court held an in-person Rule 16 conference, at which both Plaintiff and Attorney Farrow were present. (Doc. 54).

    During the conference, it was discussed that Farrow's Florida Bar license was in jeopardy. The Court informed Plaintiff that in the event Farrow's bar license was suspended, Plaintiff would need to retain new counsel or proceed pro so. The Court referred Plaintiff to the District's *Guide for Proceeding Without a Lawyer* should he need it. The Court also advised Plaintiff that, if

he chose to proceed pro se, the Court would expect him to follow the rules, comply with all deadlines, and that his failure to participate in this action could result in his claims being dismissed and default entered against him on Defendants' counterclaim. (*See generally* Doc. 57). Plaintiff advised the Court at that time that he would continue with Farrow's representation.

Four months later, the Florida Supreme Court approved the Florida Bar's petition for emergency suspension of Farrow's license and directed Farrow to withdraw from all cases and cease practicing law by September 3, 2025.[1] *See Fla. Bar v. Farrow*, No. SC2025-0863, 2025 WL 2206373, at *1–2 (Fla. Aug. 4, 2025). On August 21, 2025, the Court entered an Order directing Plaintiff, by September 17, 2025, to either (1) file a notice confirming that he will be litigating without counsel, or (2) file a notice of appearance from his replacement counsel. (Doc. 71). The Court also instructed Farrow to ensure Plaintiff was apprised of the Order and noted that, even if he failed to do so, the Court would charge Plaintiff with such knowledge as he had been advised of the situation at the Rule 16 conference. (*Id.*). Finally, the Court cautioned that if Plaintiff did not comply with the Order, his claims may be dismissed without further notice, and he may be held in default on Defendants' counterclaim. (*Id.*).

---

[1] Notably, Farrow never withdrew from this case, despite the Florida Supreme Court's instruction to do so.

In an abundance of caution, on September 9, 2025, the Court entered another Order reiterating that Farrow is no longer eligible to practice law in Florida or before this Court, leaving Plaintiff unrepresented. (Doc. 72). To ensure Plaintiff was aware of the situation, the Court further instructed Defense counsel to send a copy of the Order to any known contact information of Plaintiff's. (*Id.*). On September 11, 2025, Defense counsel filed a notice of compliance indicating it both mailed and emailed the Order to Plaintiff. (Doc. 73).

To date, Plaintiff has not complied with the Court's Orders. It also appears Plaintiff has not participated in discovery. (Docs. 61, 65, 70). Five months ago at the Rule 16 conference and a month ago in the Court's August 21, 2025 Order, the Court warned Plaintiff what would happen if he failed to participate in this case. Because Plaintiff has ignored the Court's warnings and instructions, it appears he has abandoned his claims, so the Court dismisses them. *See* M.D. Fla. R. 3.10 ("A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay.").

The Court finds Plaintiff in default. Entering default is required "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). "The Court may *sua sponte* direct the Clerk to enter a default as part of the Court's inherent power to

manage its docket[.]" *Codigo Music, LLC v. Televisa, S.A., de C.V.*, No. 15-21737-CIV, 2015 WL 13754256, at *1 (S.D. Fla. Aug. 3, 2015) (citations omitted). Likewise, default is appropriate as to Defendants' breach of contract counterclaim. By November 4, 2025, Defendants must move for default judgment. Failure to do so will cause the Court to dismiss Defendants' counterclaim without further notice. *See* M.D. Fla. R. 1.10(d).

Accordingly, it is now **ORDERED:**

1. Plaintiff's claims are **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to enter default against Plaintiff on Defendants' counterclaim (Doc. 27).

3. By **November 4, 2025**, Defendants must move for default judgment. **Failure to do so will cause the Court to dismiss Defendants' counterclaim without further notice**.

4. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at 612 Marienstein Road, Upper Black Eddy, PA 18972, and email a copy of this Order to Plaintiff at: sastrenger@gmail.com.

**DONE** and **ORDERED** in Fort Myers, Florida on September 30, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record